# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TOBY BURKE,

          Appellant,

        v.

DEPARTMENT OF THE INTERIOR,

          Agency.

DOCKET NUMBER
SF-0752-17-0334-I-1

DATE: January 19, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Toby Burke, Kenai, Alaska, pro se.

Rachel Wieghaus, Washington, D.C., for the agency.

Kevin D. Mack, Esquire, Sacramento, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's finding regarding the precipitating event of the appellant's resignation, we AFFIRM the initial decision.

¶2    On review, the appellant submits his "rebuttal" to the initial decision and largely repeats his arguments below that he was "over-worked[,] undercompensated" and subjected to "unequitable and illegal" treatment by his supervisor. Petition for Review (PFR) File, Tab 2 at 5.[2] The appellant argues that the initial decision was based on "factual errors and statements taken completely out of context" in the agency's submissions below, but he maintains that these errors are "too numerous to document." *Id.* at 9. He argues that the written format of the Board appeal was prohibitively time consuming, and he

---

[2] Approximately 11 hours after filing his petition for review, PFR File, Tab 1, the appellant filed a corrected petition for review "to replace [his] earlier petition which had more than a few spelling and grammatical errors as well as irregular spacing and unintentional word omissions and additions that interfered with readability and comprehension," PFR File, Tab 2 at 4. The appellant maintained that there "were no substantive changes only mechanical corrections" in his corrected petition for review. *Id.* We have considered both petitions and have determined that neither meet the standard for granting a petition for review under 5 C.F.R. § 1201.115.

requests that the parties and the administrative judge appear in person so that he can "dismantle" the agency's arguments and the administrative judge's "faulty analysis and erroneous decision." *Id.* The appellant contests the administrative judge's finding that a reasonable person would not have felt compelled to resign under the circumstances he set forth regarding his last 10 years of Federal employment, particularly concerning the agency's alleged advancement of underperforming employees over him and failure to investigate his complaints against his supervisor's general mismanagement and failure to pay him overtime. *Id.* at 5-6.

¶3        As the administrative judge correctly determined, the appellant's contentions that he was overworked, treated less favorably than other employees regarding advancement opportunities, and given unfair work assignments by his supervisor do not evince the type of intolerable working conditions that deprive an individual of a meaningful choice and would compel a reasonable person in the appellant's position to resign. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000); Initial Appeal File (IAF), Tab 15, Initial Decision (ID) at 8-10. The administrative judge erred, however, to the extent that he weighed the evidence at the jurisdictional stage of the appeal in finding that the "precipitating event" in the appellant's decision to resign was the agency's refusal to grant him a 5-month leave of absence on short notice. ID at 12; *see Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (finding that, although the Board may consider the agency's documentary submissions in determining whether the appellant has made a nonfrivolous allegation, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties). Therefore, we vacate that finding. Nevertheless, we have considered the extensive allegations in the appellant's jurisdictional response, from alleged problems with the agency

dating back more than 20 years before his resignation to the circumstances surrounding his requested leave of absence, and we find that he has failed to make a nonfrivolous allegation[3] that he lacked a meaningful choice in his resignation and that the agency's wrongful actions deprived him of that choice. IAF, Tab 5; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). Because the appellant has not presented nonfrivolous allegations of Board jurisdiction, he is not entitled to a jurisdictional hearing. *See Ferdon*, 60 M.S.P.R. at 329.

¶4      The appellant also asserts on review that he suffered "heart pains from chronic lack of sleep and the unrelenting stress from work" prior to his alleged involuntary resignation. PFR File, Tab 2 at 6. He argues that he had to "take a break" because he feared that he would have a heart attack. *Id.* In this regard, the appellant is expanding on his general claims regarding "health concerns" and "stress" in his jurisdictional response. IAF, Tab 5 at 40. Although a resignation may be rendered involuntary when an agency improperly denies an employee's request for a reasonable accommodation that would have enabled him to continue in his position, the appellant made no such allegation before the administrative judge below on or review. *See Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010). Although the administrative judge did not address the appellant's vague assertions about health concerns directly in the initial decision, we find that these assertions provide no basis for Board jurisdiction over his appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶5      Accordingly, we deny the petition for review and affirm as modified the initial decision.

---

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.